**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-81143-CIV-MIDDLEBROOKS**

CREDIT CARD FRAUD CONTROL CORPORATION,

      Plaintiff,

v.

PAYPAL, INC.,

      Defendant.

_____/

**ORDER GRANTING DEFENDANT PAYPAL INC.'S CORPORATION'S MOTION TO**
**TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA AND**
**MEMORANDUM IN SUPPORT.**

THIS CAUSE is before the Court upon Defendant Paypal Inc.'s ("Defendant") Motion to Transfer Venue to the Northern District of California and Memorandum in Support (DE 26) ("Motion") filed on December 10, 2012. Plaintiff Credit Card Fraud Control Corporation, LLC ("Plaintiff") filed its timely Response (DE 42) on December 21, 2012, to which Defendant filed a Reply (DE 43) on December 31, 2012. I have carefully reviewed the Motion, Response, and Reply, and am otherwise fully advised in the premises.

**I. Background**

On October 17, 2012, Plaintiff filed the instant action asserting infringement of United States Patent No. 8,299,844 (the "'844 Patent"), entitled "Method of Billing a Purchase Made Over a Computer Network." DE 1 at ¶ 8. Specifically Plaintiff claims that Defendant's "IP Address Match Filter feature in connection with Payflow Pro Protection Services" infringes the '844 Patent.

Plaintiff is a Delaware corporation whose principal place of business is located in California. It is a subsidiary of Acacia Patent Acquisition Corporation (Acacia) which is located

1

in Newport Beach, California. DE 26 at 4. Defendant's headquarters are located in San Jose California, where the purportedly infringing product was developed.

On December 10, 2012, Defendant filed the instant Motion, arguing that this case should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). *See* DE 26.

## II. Analysis

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* This standard "leaves much to the broad discretion of the trial court . . . ." *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08-80877-CIV, 2009 WL 455432, at *1 (S.D. Fla. Feb. 23, 2009) (citing *Brown v. Connecticut Gen. Life Ins. Co.*, 934 F. 2d 1193, 1197 (11th Cir. 1991)); *accord Tazoe v. Airbus S.A.S.*, 631 F. 3d 1321, 1336 (11th Cir. 2011).

Section 1404 authorizes courts to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money. "To this end [Section 1404(a)] empowers a district court to transfer any civil action to another district court if the transfer is warranted by the convenience of the parties and witnesses and promotes the interest of justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal footnote omitted). The burden is on the movant to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F. 2d 570, 573 (11th Cir. 1989).    To determine whether transfer is appropriate, courts embark on a two-prong inquiry. First, the new venue must be one in which the action could originally have been brought by the plaintiffs. 28 U.S.C. § 1404(a).[2]  Second, courts are to conduct a balancing test, weighing several private and

---

[2] Plaintiff does not dispute that this action could not have originally been filed in the Northern District of California. Thus, the Court's analysis will focus on the second prong of the inquiry.

public interest factors to determine if transfer is justified. *See Steifel Lab., Inc. v. Galderma Lab., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008) (citing *Mason v. Smithkline Beecham Clinical Lab.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001)).

Private factors to be weighed include "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Trace-Wilco*, 2009 WL 455432, at *2 (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994)). Public interest factors that should be considered include:

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

*Id.* (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). In patent cases, Courts are instructed to analyze the convenience factors of 28 U.S.C. § 1404(a), "[i]nstead of relying solely on considerations such as tenuousness of jurisdiction, broadness of case, and degree of vestment, or automatically going with the first filed action." *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F. 3d 897, 904 (Fed. Cir. 2008).

Applying the Section 1404 two-part inquiry to the case at hand, I find that Defendant has met its burden and transfer to the Northern District of California is appropriate for this case.

A. Choice of Forum

Generally, as recognized by the Eleventh Circuit, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F. 3d 253, 260 (11th Cir. 1996) (citation omitted). However, a

plaintiff's choice of forum is given less deference when the operative facts underlying the cause of action did not occur within the plaintiff's chosen forum. *See Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (citing *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985)). Further, several districts have held that the "'center of gravity' for a patent infringement case is where the accused product was designed and developed." *Trace-Wilco*, 2009 WL 455432, at **2-3 (citing cases); *see also In re Genentech, Inc.*, 566 F. 3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location.").

In the instant matter, it appears that the "center of gravity" of the alleged infringement occurred in the Northern District of California, where Defendant maintains its offices and where the accused products in this action were designed and developed.

B. Convenience of the Parties and Witnesses

In the instant case, I find that the convenience of the Parties and witnesses weighs in favor of transfer. As noted above, Defendant is headquartered in California, where its inventors and designers reside. Defendant, the Party with the burden, has shown that the product at issue was developed and manufactured in California. The issues relating to Defendant's alleged infringement require analysis of facts, documents and testimony relating to the design, development, production, marketing, and sale of Defendant's products. *See* 35 U.S.C. § 271 (listing activities which constitute infringement). Plaintiff's principal place of business is also in California and it will not be inconvenienced by a transfer. Moreover, Plaintiff did not identify any parties with relevant knowledge of the '844 patent who reside in Florida in its initial

disclosures. Upon review of the Parties filings, it appears that most of the witnesses that will have knowledge of these issues relevant to infringement are located in California.

Plaintiff argues that because the inventor of the '844 patent, Mr. Fleger, and its owner, Fraud Control Systems.com are domiciled in Florida, that this case should not be transferred. Specifically Plaintiff argues that Mr. Fleger would need to testify about the design and production of the Patents-in-suit. However, it is unclear whether such testimony would be necessary at trial, as Courts have been instructed to give little deference to the inventor's testimony about the meaning of a patent's claims. *See Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F. 3d 1575, 1580 (Fed. Cir. 1996).  Further, since Defendant has offered to travel to Florida to depose Mr. Fleger if necessary, I find that he will not subjected to significant hardship if this action is transferred. Mr. Fleger's company, Fraud Control Systems.com's, contract with Plaintiff's owner, provides that Fraud Control Systems.com "expressly retains no rights in or to the Patents, including without limitation no rights to sue for and collect past, present and future damages . . . or any other relief for infringement and no other rights or licenses under the Patents are guaranteed or implied[,]" which indicates that Mr. Fleger and Fraud Control Systems.com had contemplated the possibility of having to appear in California. DE 43 at 7.

Thus, more witnesses will be inconvenienced by conducting this litigation in the Southern District of Florida than would be if the case is tried in the Northern District of California. These factors all weigh in favor of transfer.

C. Ease of Access of Sources of Proof

Although a significant portion of the evidence material to the prosecution of this patent infringement case appears to be located in California, where the infringing product was designed and developed, such a factor should be given little weight, given today's technology and the

5

availability of overnight shipping to easily transport documents and other tangible evidence. Thus I decline to consider this factor as it relates to transfer.

### D.  Court Congestion

Plaintiff claims that the Northern District of California is significantly more congested than the Southern District of Florida, and this case would go to trial more expeditiously if it were to remain in Florida. Although docket conditions in the new venue is relevant, it is only a "minor consideration" when other factors favor transfer of venue. *See Trace-Wilco*, 2009 WL 455432, at *4 (citing *GTW Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 520 (E.D. Va. 1999)).

### E.  Interest of Justice

Transferring this case to the Northern District of California would serve the interest of justice.  The center of the accused activity giving rise to this case occurred in California, and, as such, the interest of justice favors transfer. *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3854 at 246-47 (3d ed. 2007) ("a number of federal courts have considered this factor decisive – outweighing the other statutory factors").

Further, the applicable agreements relating to the '844 patent and its licensing were executed in California, and California law therefore applies to any disputes concerning the license agreement, which affects Plaintiff's standing in this matter. As such, "the California forum's familiarity with governing law weighs in favor of transfer." DE 43 at 9.

## III. Conclusion

After carefully reviewing the Parties' filings, I find that Defendant has met its burden for transfer, by making a showing that the relevant factors under 28 U.S.C. § 1404(a), when considered together, warrant a transfer to the Northern District of California.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Transfer (DE 26) is **GRANTED**.  The Clerk of Court is directed to **TRANSFER** this case to the **United States District Court, Northern District of California**.  The Clerk shall **CLOSE** this case. It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Stay Proceedings Pending Resolution of Paypal's Motion to Transfer (DE 54) is **DENIED as MOOT.** It is further

**ORDERED AND ADJUDGED** that Defendant's Motion to Expedite Review of Its Motion to Stay Proceedings Pending Resolution of its Motion to Transfer (DE 55) is **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _31_ day of January, 2013.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record